CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 11 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY MOURNING,  )<br>Petitioner,  ) | Civil Action No. 7:09cv00202 |
| v.  ) | **MEMORANDUM OPINION** |
| SUPERINTENDENT OF NRVRJ, et al.,  )<br>Respondents.  ) | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Jeffrey Mourning, a pre-trial detainee proceeding pro se, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. However, inasmuch as Mourning is a pretrial detainee, the court finds that his claims are more appropriately addressed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241 and, therefore, the court construes it as such. Upon consideration of his petition, the court finds that Mourning has failed to exhaust his available state court remedies and, therefore, dismisses his petition without prejudice.

I.

Mourning has been incarcerated since April 25, 2009 and currently has criminal charges pending in the Wythe County General District Court. He is scheduled to appear in the Wythe County General District Court on those charges on June 11, 2009. In his petition, Mourning claims that some of the claims against him are fabricated and are not supported by probable cause. He argues that he will not be able to defend himself as to those allegedly fabricated claims if he goes to court on June 11th and refuses to testify based on his Fifth Amendment right against self incrimination. Consequently, he asks for a probable cause hearing in this court as to certain of his claims in order to avoid incriminating himself in state court.

II.

Exhaustion of all available state remedies is required before a writ of habeas corpus may be granted by a federal court. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489-92 (1973);

Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); United States v. Bailey, 1993 WL 359485 (4th Cir. 1993). The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code §8.01-654. If a petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In this case, it is clear from the face of his petition that Mourning still has state court remedies available to him and has yet to pursue his claims in the Supreme Court of Virginia. Accordingly, the court dismisses Mourning's petition, without prejudice, for failure to exhaust state court remedies.

### III.

For the reasons stated herein, the court dismisses Mourning's § 2241 petition without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and accompanying order to the petitioner.

ENTER: This 11th day of June, 2009.

United States District Judge